

950 THIRD AVENUE • FOURTEENTH FLOOR
NEW YORK, NY 10022

MARJORIE B. KULAK
DIRECT DIAL: (212) 909-0721
DIRECT FAX: (212) 909-3521
KULAK@KMM.COM

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

September 20, 2022

**VIA ECF**

> The request is GRANTED, and Defendant may redact Plaintiff's home address and salary in any public filing of the employment agreement.
>
> SO ORDERED.
>
> *[signature]*
> LEWIS J. LIMAN
> United States District Judge
> 9/21/2022

Hon. Lewis J. Liman, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Pennolino v. Central Productions LLC*
      Case No. 1:22-cv-05051
      KM&M File No. 08327.9233

Dear Judge Liman:

       Our firm is counsel to Defendant Central Productions LLC ("Defendant") in the referenced matter.

       On September 23, 2022, Defendant will file its partial motion to dismiss Plaintiff Paul Pennolino's ("Plaintiff") Amended Complaint.  In support of this motion, Defendant may submit a copy of the agreement regarding Plaintiff's employment, which is referenced in Plaintiff's Amended Complaint.  Pursuant to the Court's Individual Practices In Civil Cases, Defendant requests permission to redact the following information from Plaintiff's agreement: (1) Plaintiff's home address; and (2) the amount of Plaintiff's salary.

    1.    <u>Plaintiff's home address</u>:  Defendant seeks to redact Plaintiff's home address from the agreement out of respect for Plaintiff's privacy.  Plaintiff's home address is not relevant to Plaintiff's claims in this action.

    2.    <u>Plaintiff's salary</u>:  Defendant seeks to redact Plaintiff's salary from the agreement because Plaintiff's salary, as a former director for The Daily Show, is confidential and sensitive information, and the public disclosure of this salary would place Defendant at an unfair competitive advantage with respect to its hiring and staffing.  The amount of Plaintiff's salary is not relevant to, and will not be cited or referred to in, Defendant's motion.  Further, Defendant

KM&M
KAUFF McGUIRE & MARGOLIS LLP

Hon. Lewis J. Liman, U.S.D.J.
September 20, 2022
Page 2

will not be requesting in its partial motion to dismiss that the Court rule on any matters relating to the amount of Plaintiff's salary.

While "[t]here is a common law presumption in favor of permitting public access to judicial documents" (i.e., "those documents 'relevant to the performance of the judicial function and useful in the judicial process'"), the "court balances this common law presumption of access against competing comparisons, including 'the privacy interests of those resisting disclosure.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir.2006)). Here, the requested redactions are narrowly tailored, and the grounds for the redactions (i.e., protection of privacy interests and sensitive, irrelevant, personnel information) rebut any presumptions of public access. Indeed, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming decision to permit redactions of confidential business information where the "District Court noted that the protected information sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision") (quotation and citation omitted); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal a portion of a summary judgment motion which referenced confidential and sensitive business information to protect the movant from competitive harm).

Pursuant to the Court's rules, a copy of the agreement with the proposed redactions is being securely filed with this letter. The proposed redactions are highlighted in yellow and appear on pages 1 and 2 of this agreement. A redacted copy of the agreement will also be publicly filed with this letter.

Defendant's counsel has conferred with Plaintiff's counsel and Plaintiff does not object to the redaction of his home address and salary from the agreement.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Marjorie B. Kulak

Marjorie B. Kulak

Enclosures

cc:     Anthony Harwood, Esq., Counsel for Plaintiff

4885-5397-8932.1