```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PAUL PENNOLINO,                                                  :
                                                                 :
                          Plaintiff,                             :
                                                                 :              22-cv-5051 (LJL)
              -v-                                                :
                                                                 :              MEMORANDUM &
CENTRAL PRODUCTIONS LLC,                                         :                 ORDER
                                                                 :
                          Defendant.                             :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Paul Pennolino ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 37(a)(1), to compel discovery from Defendant Central Productions LLC ("Defendant"). Dkt. No. 67. Defendant opposes Plaintiff's motion. Dkt. No. 74. The motion is granted in part and denied in part.

Under Federal Rule of Civil Procedure 26(b)(1), a party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," including "whether the burden or expense of proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under the Southern District of New York's Local Rule 33.3, interrogatories prior to the conclusory of discovery are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," unless "(1) they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." L. R. 33.3.

Plaintiff's Query 1, Query 1A, Query 2, and Query 3 seek, respectively, documents

relating to Plaintiff's employment discrimination claims, his termination, his separation and the separation of other employees from employment with Defendant, and work he performed as a director. Dkt. No. 67 at 1–2. Defendant has agreed to produce documents through July 1, 2021, the date of the termination of Plaintiff's employment. Dkt. No. 74 at 1–2. Plaintiff argues that the time frame for the first of these requests should extend to two years from the date of the termination of his employment while the time frame for the remaining three should extend to the date that is six months from the termination of his employment. Dkt. No. 67 at 1–2. For each of these requests, Defendant shall search for documents up to and including September 1, 2021— two months after the date of the non-renewal of Plaintiff's contract and the end of his employment. It is reasonable to believe that relevant documents might have been generated in the immediate aftermath of the end of his employment. Any longer period would constitute a fishing expedition. The search terms in footnote 6 of Defendant's response letter are reasonable and shall be used. Dkt. No. 74 at 2 n.6. Defendant has not established that it will suffer undue burden. Defendant need not search documents for other common names such as Paul, Craig, Susan, Smith, Time, Rob, Joe, or "social media," "tiktok," technology or web. Plaintiff has not established that the benefit of such discovery outweighs its burden. Plaintiff is not entitled to the results of a broad keyword search but only those documents that Defendant identifies as responsive.

      Document request number 25 seeks documents concerning allegations of age discrimination. Dkt. No 67 at 2. Defendant's proposed time frame of January 1, 2019 to present is reasonable. Dkt. No. 74 at 2.

      Document request number 27 seeks documents concerning replacing Mr. Pennolino with Mr. Meyer as director. Dkt. No 67 at 2–3. Defendant has stated it will produce documents

discussing the awarding of directed by credit to Mr. Meyer. *Id.* Plaintiff seeks documents regarding the replacement of Mr. Pennolino with Mr. Meyer. *Id.* The record reflects that the parties reached an agreement on this request. Dkt. No. 74-3. The Court will not disturb that agreement. The motion is denied.

Interrogatories 10–12 seeks the identity of witnesses with knowledge concerning the decision to award directed by credits for The Daily Show. Dkt. No 67 at 3. Plaintiff seeks not only the identity of the person who made the decision regarding who should receive credit for The Daily Show but all witnesses with knowledge concerning the decision to award credits for directing the show. *Id.* That motion is granted in part. Plaintiff is entitled to the names of, but only the names of, all persons involved in the decision to award Mr. Meyer director credit for The Daily Show.

Interrogatories 13 and 14 seek the identity of Defendant's employees who were terminated in 2021. *Id.* Defendant represents that it has satisfied these interrogatories. Dkt. No. 74 at 3. Plaintiff has not identified how the responses are deficient. The motion is denied without prejudice to renewal if, after the parties meet and confer, a dispute remains.

Interrogatories 15–18 seek the identity of all witnesses involved in making personnel decisions including the decisions to terminate older employees in 2021 and 2022 and to hire new employees and the identities and ages of new hires and the positions for which they were hired. Dkt. No. 67 at 3. Defendant has agreed to identify the names of employees who were terminated in 2021 and the decisionmakers with respect to those terminations but has resisted producing information for 2022 and producing information about all employees hired in 2021 and 2022 on the grounds that information about persons not similarly situated to Plaintiff and hired months before or after his separation is not relevant. Dkt. No. 74 at 3. Plaintiff's motion is granted in

part. Defendant shall provide the names of persons who were involved in the decisions to terminate the employment of any employee in 2021 (or not to renew a contract) and not just the decisionmaker. The request is otherwise denied for failure to show that the information is relevant.

Interrogatory 19 seeks the identities of witnesses with knowledge of audience demographics of The Daily Show, including efforts to appeal to a younger audience. Dkt. No 67 at 3. Plaintiff argues that such evidence is relevant because Defendant believed that Plaintiff was too old to appeal to a younger audience. *Id.* Defendant objects on the grounds that the interrogatory is overbroad and unduly burdensome in that there is no evidence that Plaintiff was terminated for failure to appeal to a younger audience and the interrogatory is not properly crafted to that information. Dkt. No. 74 at 3. Plaintiff's motion is denied. The interrogatory is overbroad and not properly limited to information regarding the termination of Plaintiff.

Interrogatory 20 seeks the identities of witnesses with knowledge concerning allegations of age discrimination at Defendant and Interrogatory 25 seeks information on Defendant's ability to pay. Dkt. No. 67 at 3. The motion is granted in part as to Interrogatory 20. Defendant shall produce the identities of all persons with knowledge of any complaints of age discrimination at Defendant made from January 1, 2019 to September 1, 2021. The motion is otherwise denied. Interrogatory 25 is not permitted by Local Rule 33.3.

SO ORDERED.

Dated: July 31, 2023
      New York, New York

                                                          LEWIS J. LIMAN
                                                  United States District Judge